HAWTHORNE, Justice
(dissenting).
The majority opinion, after quoting the pleadings and facts from the trial judge’s written opinion, stated the well-established principle of law that in a petitory action the plaintiff must recover on the strength of his own title and not on the weakness of defendant’s title, unless plaintiff has “proved an apparent valid title” in himself. I fully agree that this is a correct statement of law. However, I cannot agree with the following conclusion as stated in the majority opinion:
"Under the facts and circumstances in this case, the plaintiffs have failed to prove title to the railroad right-of-way and have failed to establish any title to the property adjacent to the right-of-way because it is impossible, under the evidence, to locate the road referred to in the Collins deed. Since we have arrived at this conclusion, it is unnecessary to pass on defendants’ title to the property.” (Italics mine.)
In the 1913 deed of Buchanan to Dr. Nash Collins the tract of land conveyed was described by metes and bounds and sold from boundary to boundary. In this deed the south boundary was described as “ * * * bounded * * * on the south by the V. S. & P. R. R. * * *
In 1915 Dr. Collins conveyed to Rammelsburg, under whom all defendants except the railroad claim title,- a tract of land described by the same metes and bounds, except that the southern boundary was described as “* * * bounded * * * on the south by Public Road along the V.S. & P. R. R. * * * ”.
It is plaintiffs’ contention in this petitory action that Dr. Collins bought a tract of land with the railroad as the southern boundary and that he sold it to Rammelsburg with the public road as it existed in 1915 as the southern boundary, and that on the face of these deeds Dr. Collins never conveyed or sold the tract of land lying between that public road and the railroad *1107 which they allege contains 8.65 acres. It is their contention .that these deeds are clear and free from ambiguity, with which I am inclined to agree, and, if their contention is correct, they have established by these deeds an apparent title in themselves to the area between the railroad and the public road as it existed in 1915.
Defendants on the other hand contend that the deeds themselves fully evidence the intent of Collins to sell to Rammelsburg the identical land, and all that he had acquired from Buchanan, without exception, reservation, or retention of any portion thereof.
The trial judge found as a fact that there was some land lying between the public road as it existed in 1915 and the railroad. This property is extremely valuable because it is located within a drilling unit from which oil is being produced.
To me the conclusion of the majority seems to be begging the question, for, if plaintiffs had established an apparent record title in themselves, the title of defendants should be inquired into for the purpose of determining the superior title to the land in controversy. If plaintiffs’ title is superior, we would then, and only then, come to the question of the limits or extent of that title, which could be ascertained by locating the “public road as it existed in 1915”. On this question of fact the burden of proof would be divided between the parties, and the question would be decided by a preponderance of the evidence. See Russell v. Producers’ Oil Co. 138 La. 184, 70 So. 92; Id., 143 La. 217, 78 So. 473, 474.
The question of title presents a question of law, but the location of the public road is purely a question of fact required to be answered only when it becomes necessary to determine the extent or limits of plaintiffs’ title, and the conclusion of the court that it was impossible to locate the road in 1915 in no way decides the legal question of title vel non. Notwithstanding this fact, the court has dismissed the plaintiffs’ suit, a petitory action, because plaintiffs have not proven the limits or extent of their title. With this disposition of the case I cannot agree.